UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
20 JUL 13 PM 2: 28
U.S. DISTRICT COURT
DISTRICT OF MASS.

ROBERT CROSIER

v.                                                      COMPLAINT AND JURY
                                                        DEMAND

NORTH ATLANTIC STATES REGIONAL
COUNCIL OF CARPENTERS LOCAL 336         Docket no.
TIMOTHY CRAW
CHARLIE PAYNE
DAVID MINASIAN

INTRODUCTION

1. This a unfair labor practice action, brought pursuant to National Labor Relations Act Sections 8(b)(1)(A) and (8)(b)(2) brought by Robert Crosier. On August 12, 2019 a unfair labor practice charge was filed by Robert Crosier alleging discriminatory hiring hall practices regarding referrals for employment, Mr. Crosier signed on to The Unions out of work referral list August 2018 and wasn't referred for any job opportunities for almost a year later and it wasn't until Mr. Crosier and Kevin Honiker called and complained to Tom Flynn Secretary-Treasurer of then the New England Regional Council of Carpenters and met him and Dave Minasian Regional Manger in Worcester. It wasn't until after meeting with Tom Flynn and Dave Minasian and filing the unfair labor practice charge that Mr. Crosier and Kevin Honiker started to receive job referrals. Mr. Crosier was bypassed for a job pile driving where Mr. Honiker was referred by Union Representative Tim Craw to

the Pittsfield water treatment plant, Mr. Crosier was bypassed for member John Bell who wasn't even on the unions out of work list as he had told Mr. Honiker he wanted to take the entire summer off and hadn't signed on. Mr. Bell had already been referred for work in 2019 by Mr. Craw and was only laid off recently from Pittsfield innovative center where he was employed for 3-4 months.

2. Plaintiff filed another unfair labor practice May 19, 2020 pursuant to National Labor Relations Act Sections 8(b)(1)(a) and 8(b)(2) and alleges retaliation for making the unfair labor practice charge on August 12, 2019, Mr. Crosier wasn't referred for employment for 6 months from the period of his last referral in 2019 and it wasn't until he complained to Fred Taylor Union Representative in local 336 Worcester office about Mr. Craw in local 336 Springfield office who controls Mr. Crosier normal work area.

3. Mr. Crosier wasn't referred for work until March 25, 2020 he received a call from Mr. Craw about a drywall job at Williams College where construction workers were walking off and the job was shut down 2 days later due to covid-19, the only reason Mr. Craw had called Mr. Crosier because he couldn't find anyone to work because of the fears of covid-19, Mr. Crosier rejected the offer because of the same and he doesn't perform drywall work as he's a finish carpenter and Mr. Craw is well aware of that fact.

4. Mr. Crosier hadn't heard from Mr. Craw or any other union representatives about work again until April 27, 2020 when Mr. Craw called offering Mr. Crosier a 9 day job setting up tables at UMASS Amherst, Mr. Crosier declined not knowing the covid-19 protocols in place to keep workers safe and lost the call with Mr. Craw. Mr. Crosier did make several calls and emails regarding work, he called Bob Dudley who Mr. Crosier had met at Smith College and was working for Shawmut/Starlight Construction and asked him if they needed anyone as they had just started another project of substantial size at Smith College, Mr. Crosier wasn't

referred for work there back in 2017 when Shawmut called the hall for a carpenter, Mr. Crosier was out soliciting work when he heard that Shawmut needed a carpenter on that project, Mr. Crosier had stopped by the Smith College project that day only to find out they had already referred a carpenter and Mr. Crosier had spoken to Pete who had been dispatched , he was only out of work 2 weeks, Mr. Crosier was out of work 9 months at the time. Mr. Crosier immediately called Tom Flynn and complained about the bypassing on the out of work list and he received a call later that day from Jason Garand who tried to explain himself.

5. Mr. Dudley had told Mr. Crosier that 2 carpenters were dispatched by Mr. Craw to Shawmut/Starlite new project at Smith College at the end of March early April 2020, a job that Mr. Craw had since the project inception appointed his son-in-law job steward, Mr. Crosier believes he was not referred because of his previous complaint to The NLRB. Members wait time from sign on until they get referred out for employment varies with workload, their specialty etc, Mr. Crosier wasn't called for 6 months and was at the very top of the out of work list. Mr.Craw routinely bypasses members on the referral list to put his cronies and members who hold officer positions to work.

## JURISDICTION

6. This action is brought pursuant to NLRA SECTION 8(b)(1)(a) and 8(B)(2).

## PARTIES

7. Plaintiff Robert Crosier is a member of The North Atlantic States Regional Council of Carpenters Local 336 and a Massachusetts resident.
8. Defendant North Atlantic States Regional Council of Carpenters Local 336 is a Labor Organization.
9. Timothy Craw is a Union Representative.

10. Charlie Payne is a Union Representative.
11. David Minasian is a Regional Manager.

## FACTS

12. Mr. Crosier worked 4 weeks in the union in the capacity of a carpenter in 2019, Mr. Crosier has of this filing worked 2 weeks in the union in 2020.

13. Mr. Crosier wasn't referred for any employment opportunities for almost a year from August 2018 until August 2019.

14. Mr. Crosier wasn't referred for any employment opportunities for the period of almost 6 months from October 2019 until March 25, 2020 for any justifiable reason other than he was being retaliated against.

15. Mr. Crosier has suffered financial hardship related to his not being referred for employment and it's impaired his ability to earn a living because of the local 336 union representatives retaliatory arbitrary, discriminatory and bad faith actions.

16. Local 336 operates under the guise of a non exclusive hiring hall system when their clearly a exclusive hiring hall on many projects including but not limited to market opportunity fund projects where contractors use our fund money, the union takes 25 cents an hour for every hour we work and it comes out of every carpenters paycheck to sublet union contractors bids when their facing competition from non union contractors, in order to use the fund money the union contractors must agree to go through the union for any manpower needs on that project, there's nothing in writing, it's just a handshake deal between the union and the contractor, because the union doesn't want the exclusive hiring hall designation

and all the laws that come with it, but they want to act like a exclusive hiring hall so their able to put the people they want on those projects. Members aren't able to get on those projects on their own but the union doesn't tell them that fact and members waste their time soliciting those very projects, it's not a well known fact amongst the membership. I've personally not been able to procure employment on these exclusive hiring hall projects even being told by the job steward the project was through the hall and Mr. Craw only.

17. Mr. Crosier isn't privy to the referral list but he's supposed to accept that between August 2018 and August 2019 no members were referred for work in that time period and between October 2019 and March 25, 2020 no members were referred for employment with any contractors by any of the union representatives in Springfield and Worcester, MA.

18. Mr. Crosier is continually bypassed on the unions exclusive and non exclusive hiring hall dispatch list, it's truly one in the same but it's discriminatory, arbitrary and their actions are in bad faith regarding referring members for employment opportunities. Mr. Crosier has been outspoken regarding the unions discriminatory hiring hall referral list and he's made several complaints to the internal union hierarchy and filed unfair labor practice charges and has paid a hefty price for speaking up and out about the union unfair hiring hall practices.

## Count 1
## VIOLATION OF NATIONAL LABOR RELATIONS ACT
## SECTION 8
## NORTH ATLANTIC STATES REGIONAL COUNCIL OF CARPENTERS LOCAL 336

19. The above paragraphs are incorporated herein.

20. By the actions described in the above paragraphs, Defendant union breached their duty of fair representation, their actions were retaliatory, arbitrary, discriminatory and in bad faith.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court award:

1. Compensatory damages against the Defendant;
2. Punitive damages against the Defendant;
3. The costs of this action, including reasonable attorneys fees;
4. Such other and further relief, as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A Jury trial is hereby demanded.

Dated 6-29-2020

Respectfully Submitted,
Plaintiff Robert Crosier

*Robert Crosier*

P.O. Box 32
Chester, MA 01011
recrorec@gmail.com
413-207-4578